STEWART, J.
bThe plaintiff, James H. Dortch (“Dortch”), filed a writ seeking supervisory review of the trial court’s denial of a motion for summary judgment on his revoca- *445 tory action against the defendants, Louisiana Leasing, L.L.C., Rolling Hills Farms of West Monroe f/k/& B & J Siding Distributors, Inc. (“Rolling Hills Farm”), and Ben J. Rollins (“Rollins”), individually and as president of Rolling Hills Farm and a member of Louisiana Leasing. This court granted the unopposed writ application and ordered the matter briefed and docketed for review. We now find that there is a genuine issue of material fact as to whether Dortch’s revocatory action is prescribed. Accordingly, we find no error in the trial court’s judgment denying Dortch’s motion for summary judgment and remand for further proceedings.
FACTS
On March 11, 2010, Dortch won a judgment against Rolling Hills Farm in the amount of $31,131 in a suit filed in 2008 to obtain his share of the proceeds from the sale of a horse. This revocatory action, which was filed by Dortch on June 16, 2011, stems from his efforts to collect the judgment rendered against Rolling Hills Farm.
Dortch’s petition alleged that he discovered during a judgment debtor examination of Rolling Hills Farm and Rollins on June 24, 2010, that the assets of Rolling Hills Farm, namely two pieces of immovable property, had been sold via quitclaim deed to Louisiana Leasing on June 5, 2009. The quitclaim deed was recorded on June 10, 2009. Though the quitclaim deed showed that the property was sold for consideration totaling $1,013,850, |2Portch alleged that Rolling Hills Farm did not receive any of the stated consideration and that it did not have any other assets. The petition alleged that the transfer of the immovable property rendered Rolling Hills Farm insolvent and that the transfer occurred after Dortch’s rights against Rolling Hills Farm and Rollins arose. Therefore, Dortch prayed to have the quitclaim deed annulled.
On July 29, 2011, the defendants filed an answer to the petition together with the peremptory exceptions of prescription and no cause of action. The defendants asserted that, because the March 11, 2010, judgment was against Rolling Hills Farm, Dortch has no cause of action against Rollins individually. They also asserted that Dortch has no cause of action for revocation because the quitclaim deed was executed before he added Rolling Hills Farm as a defendant in the underlying suit on January 4, 2010. Finally, the defendants asserted that Dortch knew or should have known about the transfer of the immovable property before June 15, 2010, and thus his claim had prescribed.
On February 8, 2012, Dortch filed a motion for summary judgment on his revo-catory action. In the opposition to the motion for summary judgment, the defendants asserted, in part, that there remained a genuine issue of material fact as to whether Dortch’s claim had prescribed. They asserted that Dortch should have learned of Rolling Hills Farm’s insolvency more than one year before he filed the revocatory action.
The trial court heard Dortch’s motion for summary judgment on April 3, 2012. After arguments, the trial court denied the motion upon finding |sthat genuine issues of material fact remain in dispute. In its oral ruling, the trial court referred to issues concerning the anteriority of the debt and the insolvency of the debtor. A judgment denying Dortch’s motion was signed on April 9, 2012. Thereafter, Dortch filed a writ seeking review of the adverse interlocutory ruling.
On June 14, 2012, this court granted Dortch’s unopposed writ and ordered the matter briefed and docketed for a decision. *446 The motion for summary judgment is now before us for review.
DISCUSSION
Appellate courts conduct a de novo review of a grant or denial of a motion for summary judgment. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.2/29/00), 755 So.2d 226. A motion for summary judgment must be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2); Hogg v. Chevron USA, Inc., 2009-2632 (La.7/6/10), 45 So.3d 991. A genuine issue is a “triable issue,” meaning one about which reasonable persons could disagree, and a material fact is one that is essential to the cause of action under the applicable theory of recovery. Hogg, supra.
Because Dortch will bear the burden of proof at trial on his revocatory action, the burden of proof on his motion for summary judgment remains with him as the movant. La. C.C.P. art. 966(C)(2). Therefore, the defendants’ burden is to “set forth specific facts showing that there is a |4genuine issue for trial” so as to avoid a summary judgment being rendered against them. La. C.C.P. art. 967(B).
A revocatory action is one where an obligee seeks to annul an act of an obligor, or the result of a failure to act, that is made or effected after the right of the obligee arose and that causes or increases the obligor’s insolvency. La. C.C. art. 2036. A revocatory action must be brought within the period set forth in La. C.C. art.2041:
The action of the obligee must be brought within one year from the time he learned or should have learned of the act, or the result of the failure to act, of the obligor that the obligee seeks to annul, but never after three years from the date of that act or result.
When an obligee seeks to annul an act of his obligor, the relevant date for the start of the prescriptive period is when the obligee learned or should have learned of the act. London Towne Condominium Homeowner’s Ass’n v. London Towne Co., 2006-401 (La.10/17/06), 939 So.2d 1227. Prescription does not run from the date the obligee knows the act caused or increased his obligor’s insolvency. Id.
Dortch is seeking to annul an act of his obligor, Rolling Hills Farm. The act is the execution of the quitclaim deed by which Rolling Hills Farm sold or transferred its assets to Louisiana Leasing, without receipt of the consideration stated in the deed. In response to Dortch’s petition, the defendants asserted the peremptory exception of prescription. They have also raised prescription as a defense to Dortch’s motion for summary |,judgment.[1] *447 They argue that there is a genuine issue of material fact as to whether Dortch’s revo-catory action is prescribed.
In opposing Dortch’s motion, the defendants offered the affidavit of Robert S. Tew (“Tew”), the attorney who represented Rollins and Rolling Hills Farm in Dortch’s 2008 suit. Tew’s affidavit states Dortch did not add Rolling Hills as a defendant in the 2008 suit until two months before the March 11, 2010, trial. It further states that at a pretrial conference with the judge on the day of trial, Dortch’s attorney, Robert G. Foley (“Foley”), “expressed the concern that he may end up with a judgment against an ‘insolvent corporation.’ ” The defendants argue that Foley’s statement shows that he knew something about the insolvency of Rolling Hills Farm, the only corporation in the suit. They further argue that if Foley knew something, then surely his client Dortch, who is also Rollins’ son-in-law, should have known about Rolling Hills Farm’s insolvency. The logical extension of this argument is that knowledge of insolvency suggests that Dortch should have had knowledge of the act that cause the insolvency.
Dortch argues that Foley’s concern about getting a judgment against an insolvent corporation does not create a genuine issue of material fact as lfito whether he either knew or should have known about the quitclaim deed before the judgment debtor examination on June 24, 2010. Dortch offered an affidavit by Foley in support of his motion for summary judgment. Foley stated in his affidavit that he first learned during the judgment debtor examination of Rolling Hills Farm that it had transferred the immovable property to Louisiana Leasing. He then informed Dortch about the transfer, and this was the first Dortch had heard about it.
Dortch offered a second affidavit by Foley in response to Tew’s affidavit. In his second affidavit, Foley admitted that he could not recall what he said at the pretrial conference and so could not contradict Tew’s affidavit. However, Foley explained that if he did make the statement claimed by Tew, then he could not have been referring to the quitclaim deed transfer. He reiterated that he did not learn about the quitclaim deed until the judgment debtor examination. Foley’s affidavit states that there was nothing produced in connection with Dortch’s 2008 suit that would have placed Dortch on notice of the quitclaim deed. Notably, Foley does not explain what could have caused him to have any concern about obtaining a judgment against an insolvent corporation.
The issue here is not Dortch’s actual knowledge about the quitclaim deed transfers prior to the judgment debtor examination. The issue is whether Dortch should have known about the quitclaim deed transfers at an earlier time. This is a question of constructive knowledge. As explained by the supreme court, constructive knowledge sufficient to start the prescriptive period “exists when a party has sufficient information or notice |7to excite inquiry regarding a possible claim.” Id., p. 10, 939 So.2d at 1234. Such notice is tantamount to the knowledge or notice of everything to which a reasonable inquiry might lead. Hogg, supra. In determining whether a party had constructive knowledge sufficient to trigger the running of prescription, the ultimate consideration is the reasonableness of the party’s action or inaction in light of the surrounding circumstances. Id. Summary judgment is seldom appropriate where it requires a determination based on subjective facts, such as a party’s knowledge. Smith v. Our Lady *448 of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730.
Though by a slim margin, the opposition to the motion for summary judgment does raise a genuine issue of material fact as to whether Dortch should have known about the quitclaim deed transfers prior to the judgment debtor examination. TewN sworn statement, which is not contradicted by Foley, suggests some knowledge of Rolling Hills Farm’s insolvency when the judgment was rendered in Dortch’s first suit. If Foley had such knowledge of Rolling Hills Farm’s insolvency that led to him express the concern about obtaining a judgment against an insolvent corporation, then it is likely that Foley would have relayed such knowledge to his client Dortch or obtained such knowledge from Dortch, who is also Rollins’ son-in-law. The quitclaim deed is the act which is alleged to have caused Rolling Hills Farm’s insolvency. The evidence introduced on the motion for summary judgment indicates that the quitclaim deed was executed in June 2009. Thus, the issue is whether any knowledge by Foley or his client Dortch of Rolling Hills Farm’s insolvency at the time of the trial on March 11, 2010, |ssuffices as constructive knowledge by Dortch of the quitclaim deed and thus triggers the running of prescription prior to the judgment debtor examination. This is a factual determination that must be made by the trial court upon considering all the facts and circumstances of the case. It cannot be resolved on this motion for summary judgment by Dortch.
Because of the genuine issue of material fact as to whether Dortch’s revocatory action is prescribed, we will not review further his motion for summary judgment on the merits of his action.
CONCLUSION
For the reasons stated, we find no error in the trial court’s denial of Dortch’s motion for summary judgment and remand for further proceedings. Costs of the writ are assessed against Dortch.
AFFIRMED AND REMANDED.

. After the matter was docketed and upon reviewing the record, this court ordered the trial court to supplement the record with any minutes or rulings pertaining to the exceptions or to inform this court if these exceptions had not been heard. The trial court responded that the exceptions had not been heard and that the defendants argued prescription in opposition to the motion for summary judgment. Dortch filed a motion for leave to respond to the order and to argue that the defendants waived the exception of prescription by failing to insist on a hearing. We now deny Dortch’s motion and find that the exception has not been waived. The issue of prescription may be raised on a motion for summary judgment. Hogg, supra; Labbe Service Garage, Inc. v. LBM Distributors, Inc., 94-1043 (La.App. 3d Cir.2/1/95), 650 So.2d 824. Here, though the defendants have not filed for summary judgment on the issue of prescription, they have asserted prescription as a defense to Dortch’s motion by arguing *447 that there is a genuine issue of material fact as to whether his claim is prescribed.